**PFISTER, et, Plaintiff-Appellants, v. WALTER, Admr., et, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6883.  Decided May 3, 1948.

Sarah G. Krusling, Cincinnati, for plaintiff-appellants.

Robert F. Dreidame and Milton M. Bloom, Cincinnati, for defendant-appellee.

## OPINION

Per CURIAM:

Three notices of appeal were filed in the Probate Court of Hamilton County, covering appeals upon questions of law from orders of such Probate Court; all entered in that Court on the 15th of August, 1947.

These notices of appeal were filed by creditors of the estate.

The first notice of appeal is addressed to an order of the Probate Court overruling the appellants' exceptions to the Amended Final Account of Edward A. Walter, Administrator.

The second notice of appeal is addressed to an order of the Probate Court overruling appellants' exceptions to the inventory of said Administrator.

The third notice of appeal is addressed to an order of the Probate Court approving and settling the Amended and corrected Final Account of such Administrator and discharging such Administrator and his surety.

One contention of the appellees may be disposed of at once. It is claimed that the issues considered in the orders under attack were previously adjudicated in orders of the Court involving the same parties. Be that as it may, the Court did grant a hearing upon the issues disposed of by the orders under consideration, and it must be presumed, in the absence of a showing to the contrary, heard evidence upon such issues after "good cause first shown." The authority of the Court so to do is contained in §10506-40 GC. No abuse of discretion appears in the action of the Court in granting the appellants leave to present issues, even if formerly considered by the Court.

The controversy between the parties arises by reason of a contention on the part of the appellants that the Administrator has continuously, from the very first, refused to consider himself liable on certain notes bearing his signatures.

It is the contention of the appellants that such signatures of the Administrator were placed upon the notes in the capacity of a co-maker. It is the contention of the Administrator that he was merely an accommodation maker.

If the Administrator was a joint maker and joint obligor upon the notes, then he, in paying the obligations created by the notes, entirely out of the assets of his father's estate, of which he was the Administrator, rendered himself liable for a contribution to the estate covering his proportion of such obligations, unless such status was qualified by special agreement.

The appellants by exceptions to the inventory and final account sought to obtain from the Probate Court a ruling that the Administrator had depleted the assets of the estate by paying his share of the obligations created by the notes out of the estate. This was the issue considered by the Court, whose final decision was adverse to the appellants.

The only evidence in the Bill of Exceptions upon this issue is that of the Administrator, who was permitted to testify that his signature was placed upon the notes merely as an accommodation maker and that the notes were, therefore, paid out of the estate assets.

It is the claim of appellants that the Administrator was prevented from testifying because of the provisions of §11495

GC. The appellees invoke the provisions of the same section, claiming the appellants, by calling the Administrator for cross-examination, opened the door to a complete disclosure of the circumstances under which the notes were signed by the deceased and his son, the Administrator.

Reference to the Bill of Exceptions develops that the Administrator was called for cross-examination, but that the questions propounded to him involved merely identifying his signature upon the notes.

The appellees contend that such signatures having been placed upon the notes prior to the death of the decedent, that thereby all evidence in connection with the execution of the notes was admissible.

The Administrator was not asked how or when he placed his signature upon the notes. He was merely asked to admit or deny his signature. He admitted it. Certainly, this cannot be considered as testimony of matters that occurred before the death of his decedent. This evidence referred only to an instant fact—the genuineness of the Administrator's signature. The facts in **In Re Estate of Alger, 10 Oh Ap, 93,** are clearly distinguishable from those involved herein.

In permitting the Administrator to testify as to matters excluded by the provisions of §11495 **GC,** the Court committed error, prejudicial to the appellants, and the orders from which appeals have been taken are set aside, and the cause remanded to the Probate Court for further proceedings in accordance with law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.